IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                          CRIMINAL ACTION NO.   2:13-cr-00314-03

SHERAY J. MCKAY,

        Defendant.

**MEMORANDUM OPINION AND RESTITUTION ORDER**

At the sentencing hearing held on June 24, 2014, the Court suggested that mandatory restitution applies to this case because Defendant's offense of conviction, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, is an offense against property under Title 18. *See* 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). The Court, however, deferred a final ruling on restitution. *See* 18 U.S.C. § 3664(d)(5).

All objections to the Pre-Sentence Report ("PSR") were resolved at Defendant's sentencing hearing and, following that hearing, the Post-Sentencing Addendum to the PSR ("Addendum") was completed. On July 21, 2014, the Court directed the Government and Defendant to evaluate Defendant's restitution obligation pursuant to the Addendum and relevant authority and to file a recommendation as to which individuals listed in paragraphs 21 and 66 of the PSR and the Addendum are owed restitution. Both parties timely submitted responses, which the Court has now reviewed.

The Court finds that Defendant's offense of conviction is an offense against property and, accordingly, Defendant will be ordered to pay restitution to any identifiable victim or victims of the offense in the full amount of each victim's losses. *See* 18 U.S.C. § 3664(a), (d)(5).

The PSR, as supplemented by the Addendum, identifies each individual victim, that individual's loss or losses, and the recipient of the money order that that victim sent in response to the underlying scheme. The three money-order recipients are Defendant, former defendant Kacey Moise, and former defendant Charnita Ryland. Both former defendants Moise and Ryland entered into pretrial diversion agreements with the Government and the agreements provide for the payment of restitution to those victims from West Virginia who sent those former defendants money orders.

The Government proposes that the Court find Defendant liable for all of the wire transfers sent to her as well as for the wire transfers sent to Ryland and Moise from non-West Virginia victims. (ECF 125 at 5.) Defendant proposes that the Court find her liable only for the wire transfers sent to her and Ryland, and, further argues that the Court should apportion liability so that she is not liable for restitution to those victims to whom Ryland has already agreed to pay restitution. (ECF 126 at 3−4.)

Pursuant to 18 U.S.C. § 3663A(a)(1), "[t]he court shall order . . . that the defendant make restitution to the victim of the offense." (Emphasis added.) The term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered, including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." § 3663A(a)(2) (emphasis added); *cf.*

2

Case 2:13-cr-00314   Document 133   Filed 09/24/14   Page 3 of 7 PageID #: 632

*United States v. Karam*, 201 F.3d 320, 325−26 (4th Cir. 2000) ("Federal courts may order restitution encompassing losses resulting from a criminal scheme regardless of whether the defendant is convicted for each criminal act within the scheme, so long as the loss is a direct result of the defendant's criminal conduct or is closely related to the scheme.") (quotations and citations omitted).

In ordering restitution in the context of a conspiracy conviction, a defendant is "liable for the conduct of all co-conspirators that was in furtherance of the conspiracy and reasonably foreseeable to him." *United States v. Newsome*, 322 F.3d 328, 338 (4th Cir. 2003) (citing *Pinkerton v. United States,* 328 U.S. 640, 646-47 (1946)); *see also United States v. Collins*, 209 F.3d 1, 4 (1st Cir. 1999) ("In the context of a conspiracy, it is clear that a defendant is liable in restitution to all the victims of the reasonably foreseeable acts of his co-conspirators. No court has ever held to the contrary."); *United States v. Mason*, 3:07-CR-10, 2011 WL 863491, at *2 (W.D. Va. Mar. 10, 2011) ("A defendant may be liable in restitution for the conduct of his co-conspirators, provided that such conduct was in furtherance of the conspiracy and reasonably foreseeable to the defendant.").

As both the Government and Defendant acknowledge, Defendant is clearly responsible for restitution to those victims from whom she personally received money orders. These victims, and the total amounts of each victim's losses from money orders sent to Defendant, are: Joan Carper (WV): $6,956; Lucille Freels (VA): $1,814.50; Janice Franklin (OK): $1,925; Cateline Chinery (CA): $3,739.50; Michael Ballester (CA): $2,440; Richard Voth  (CA): $4,716; Cloras Amen (OK): $2,276. The total amount owed to these individuals collectively is $23,867.

3

The Court further agrees with the parties that those individuals from whom former defendant Ryland personally picked up money orders are also victims of Defendant's offense of conviction and that, therefore, Defendant is liable for restitution to these Ryland victims as well. As detailed in the PSR, Ryland and Defendant were both present on approximately three occasions at which money orders were picked up. The Stipulation of Facts that is part of Defendant's plea agreement also indicates that Defendant and Ryland were aware of one another's activities. (ECF 70 at 9−10.) The closeness of their participation in the criminal conspiracy supports the conclusion that the Ryland victims' losses were reasonably foreseeable to Defendant and that those victims were also directly harmed by Defendant's participation in the scheme.

Following the recommendation by both parties, however, the Court will not impose restitution on Defendant with respect to those victims, all from West Virginia, to whom Ryland has already agreed to pay restitution as part of her pretrial diversion agreement. Because Ryland's payment of restitution to her West Virginia victims is based on her diversion agreement and Defendant's will be court-ordered, it appears that there would be no mechanism to avoid a double recovery if Defendant were ordered to pay Ryland's West Virginia victims. The only apparent solution to this unusual, if not unique, problem is to take the government's suggestion to exclude Ryland's West Virginia victims from Defendant's restitution order. *Cf. United States v. Beydoun*, 469 F.3d 102, 107 (5th Cir. 2006) (noting that "[t]he MVRA does not permit restitution awards to exceed a victim's loss" and that "[t]he court may not award the victim a windfall"); *United States v. Gallant*, 537 F.3d 1202, 1250 (10th Cir. 2008) ("[W]hen determining the amount of a restitution award under the MVRA, the court must reduce restitution by any amount the victim received as part of a civil settlement. This principle achieves the apparent congressional purpose of

4

maximizing the award against a criminal defendant guilty of fraud, while avoiding the undesirable result of restitution effectuating a double recovery.") (citations and quotations omitted). Therefore, Defendant will be liable for restitution to the following Ryland victims in the following amounts: Cloras Amen (OK): $2,025; Lee Amen (CA): $2,025. The total amount of restitution from the Ryland victims is, therefore, $4,050.

The parties disagree as to whether those individuals from whom Moise received money orders are appropriately considered victims of Defendant's offense of conviction. At sentencing, the Court did not apply the specific offense characteristic for 10 or more victims pursuant to U.S.S.G. § 2B1.1(2)(A)(i) because the Court found that Moise was not part of Defendant's jointly undertaken criminal activity and that, therefore, his victims did not count toward this guideline. As the Government notes, however, this finding is not dispositive with respect to the question of the appropriate number of victims for purposes of restitution under 18 U.S.C. § 3663A. *See, e.g.*, *Newsome,* 322 F.3d at 338 ("The amount of losses relevant to finding the appropriate offense level and therefore the proper sentence of imprisonment is . . . not the same question as the amount of losses properly covered by an order of restitution) (internal quotation marks omitted); *see also United States v. Westerfield*, 714 F.3d 480, 489 (7th Cir. 2013) ("Although the 'relevant conduct' analysis for the Sentencing Guidelines is analytically different from [the] analysis under [section 3663A], we have recognized that the evidence is similar and can overlap.").

Nonetheless, the Court finds that it is without sufficient evidence from which to conclude that the Moise victims are victims of Defendant's offense of conviction under section 3663A(a). There is simply no indication in the record that Defendant was aware of any criminal activity beyond that which she, Ryland, and an individual identified in the PSR as Casino, had undertaken.

Nor is there any evidence in the record to suggest that the existence of other participants in this criminal activity was or should have been reasonably foreseeable to Defendant. Finally, there is no evidence supporting a conclusion that any of the Moise victims were directly harmed by Defendant's criminal conduct in the course of the conspiracy. For these reasons, the Court finds that Defendant is not liable for restitution to those individuals identified in the PSR ¶ 66 and the Addendum as victims of Moise.

Accordingly, pursuant to 18 U.S.C. §§ 3663A, 3664 it is **ORDERED** that Defendant pay restitution totaling $27,917.00 to the following victims in the following amounts:

| INDIVIDUALS WHO SENT WIRES TO MCKAY | STATES | WIRE AMOUNTS (WITH FEES) | DATES | TRANSACTION NUMBERS |
|---|---|---|---|---|
| Lucille Freels | VA | 1,814.50 | 11/8/12 | 39491581 |
| Joan Carper | WV | 2,440.00 | 11/8/12 | 37074861 |
| Joan Carper | WV | 2,240.00 | 11/9/12 | 27521420 |
| Joan Carper | WV | 2,276.00 | 11/9/12 | 0322228207 |
| Cloras Amen | OK | 2,276.00 | 11/9/12 | 3945212406 |
| Janice Franklin | OK | 1,925.00 | 11/9/12 | 24881927 |
| Cateline Chinery | CA | 1,925.00 | 11/9/12 | 35314179 |
| Cateline Chinery | CA | 1,814.50 | 11/9/12 | 73700931 |
| Michael Ballester | CA | 2,440.00 | 11/9/12 | 89076949 |
| Richard Voth | CA | 2,440.00 | 11/13/12 | 96137836 |
| Richard Voth | CA | 2,276.00 | 11/13/12 | 3793534787 |

| INDIVIDUALS WHO SENT WIRES TO RYLAND | STATES | WIRE AMOUNTS (WITH FEES) | DATES | TRANSACTION NUMBERS |
|---|---|---|---|---|
| Cloras Amen | OK | 2,025.00 | 11/9/12 | 53212343 |
| Lee Amen | CA | 2,025.00 | 11/13/12 | 77818153 |

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, and the United States Probation Office.

ENTER: September 24, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE